UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61492-CIV-DAMIAN

**JUAN DAVID PESTANA BUENDIA**,

    Petitioner,

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,

    Respondents.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court on Petitioner, Juan David Pestana Buendia's ("Petitioner"), Application for Issuance of Order to Show Cause [ECF No. 7] ("Motion"), filed July 25, 2025. On July 24, 2025, Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] ("Petition"), alleging, in relevant part, that, on May 9, 2025, agents of the U.S. Immigration and Customs Enforcement ("ICE") arrested him without a warrant. *Id.* ¶¶ 22–28. Petitioner alleges that Respondents have detained him since May 9, 2025, without providing him a meaningful opportunity to challenge the lawfulness of his detention before a neutral decision-maker. *Id.* ¶ 48. In the Motion now before the Court, Petitioner requests an order from this Court directing Respondents to show cause why his Petition should not be granted. *See generally* Mot.

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The Eleventh Circuit has made clear that

"[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *see also Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ[] or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

THE COURT having reviewed the Motion, the Petition, the pertinent portions of the record, and relevant legal authorities, and being fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 7**] is **GRANTED** as follows:

1. Counsel for Respondents shall immediately, in writing, notify the Court of receipt of this Order and the name of the attorney(s) to whom the case is assigned.

2. On or before **August 29, 2025**, Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (requiring that a response to an order to show cause "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

3. Counsel for Respondents are instructed to caption the response a "Response" and not a "Motion to Dismiss."

4. Petitioner may, but is not required to, file a reply within **seven (7) days** after Respondents file their response. Any such reply shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 29th day of July, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record